Gary M. Zadick
James R. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360

Attorneys for Boyne USA, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOYNE USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | CAUSE NO.: CV-24-70-H-TJC<br><br>**AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Boyne USA, Inc, by and through its counsel of record and for its Complaint against Defendant states and alleges the following:

1. Boyne USA, Inc, is a Michigan corporation with it principal place of business in Petoskey, Michigan. Boyne USA, Inc. is authorized to do business in the State of Montana and operates and manages properties at Big Sky, Montana.

2. On information and belief, Defendant Federal Insurance Company is an

Indiana corporation with its principal business in Warren, New Jersey and is authorized to write insurance in the State of Montana.

3. There is complete diversity of citizenship between the parties. The above-entitled Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. The amount in controversy, exclusive of costs and attorney fees, exceeds the sum of $75,000.

5. A civil action ("Underlying Complaint - Montana") was filed in the United States District Court for the District Court of Montana, Butte Division as Cause No. 2:21-CV-00095-BWM entitled ***Lawrence Anderson, et. al. v. Boyne USA, Inc., et. al.*** A true and correct copy of the Underlying Complaint – Montana is attached hereto as **Exhibit A**.

6. Defendant accepted the defense of the action under Policy No. 8248-4348 with a policy period of November 15, 2021 to November 15, 2022. The policy provides a limit of liability of $5 million dollars subject to a $100,000 retention. A true and correct copy of Policy No. 8248-4348 with a policy period of November 15, 2021 to November 15, 2022 is attached as **Exhibit B**.

7. Approximately three (3) years later an action was filed in United States District Court for the Western District of Michigan as Cause No. 1:24-CV-00682 entitled ***Barbara Hornbeck, et. al v. Boyne, USA Inc., et. al.*** The action was filed

within the term of a renewal policy issued by Federal Insurance Company, Policy No. 8248-4348 with a term of November 15, 2023 to November 15, 2024. A true and correct copy of the renewal Policy 8248-4348 is attached as **Exhibit C**. That policy has a separate $5,000,000 policy limit and $100,000 retention. A true and correct copy of the Amended Class Action Complaint filed in Michigan is attached as **Exhibit D**.

8. The Underlying Complaints in Montana and Michigan are based upon different condo/hotel properties located in different states, different master deeds, different management agreements, different purchase/sale dates, different promotional programs, different alleged security transactions, different and unrelated plaintiffs, and separate class action certifications.

9. Defendant Federal Insurance Company has advised Plaintiff that both suits would be considered a "related claim" as defined in the policy and therefore would be subject to a single limit.

10. The Underlying Complaints are not "related claims", and Plaintiff is entitled to a declaration that the claims are subject to separate limits under the separate policy terms for which Plaintiff paid a separate valuable premium.

11. Exclusions and limitations in an insurance contract must be narrowly and strictly construed because they are contrary to the fundamental protective

purpose of insurance. In addition, any ambiguities in an insurance contract must be construed against the insurer and in favor of extending coverage. Terms such as "arising from", contained within the definition of "related claim" are ambiguous. In addition, other provisions contained in the policies, which provide that claims made under different policy years will be subject to the retention of each policy year, further support the reasonable expectations of the insured that the claims would have separate limits and separate retentions.

12. Plaintiff is entitled to a declaratory judgment as a matter of law that it is entitled to the benefit of the significant premiums paid under each policy for the benefits of each policy including separate limits, subject to the separate retention.

## PRAYER FOR RELIEF

WHEREFORE, Boyne USA, Inc. prays that the Court enter an Order granting declaratory relief against the Defendant as follows:

1. That Boyne USA, Inc. is granted declaratory relief determining and declaring that the Underlying Complaints trigger separate limits with separate retentions under the separate policies for which Plaintiff paid a significant premium each year;

2. For recovery of its attorney fees and costs incurred in as allowed by law; and

3. For such other and further relief as may be necessary and proper.

DATED this 3rd day of December, 2024.

UGRIN ALEXANDER ZADICK, P.C.

/s/Gary M. Zadick
Gary M. Zadick
James R. Zadick
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403

Attorneys for Boyne USA, Inc.