WILLIAMS LAW FIRM, P.C.
Nicholas J. Pagnotta
Alexander T. Tsomaya
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
nick@wmslaw.com
alex@wmslaw.com
*Attorneys for Federal Insurance Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| BOYNE USA, INC.,<br><br>Plaintiff,<br><br>-vs-<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendant. | CV-24-70-H-TJC<br><br>**BRIEF IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MOTION FOR RECOUPMENT OF DEFENSE COSTS** |

## INTRODUCTION

After two groups of condo owners in Montana and Michigan sued it in two class actions, Boyne USA, Inc., requested that Federal Insurance Company defend Boyne. When it became apparent that Boyne was going to exhaust the applicable $5 million policy limit by resolving the Montana litigation, Boyne demanded that Federal also pay defense costs in the Michigan case. Federal explained that the Michigan case did not trigger another policy limit because the cases were "Related

Claims" under Federal's policy language. Thus, Federal had no further obligation to Boyne. Still, Federal continued to pay Boyne's expenses in the Michigan case—at the time of this writing $796,578.81—but also explained to Boyne that Federal would recoup the expenses if this Court agreed with Federal's position.

Federal timely reserved its rights to recoup the Michigan cases expenses (in excess of the $5 million limit) through a reservation of rights letter, contemporaneously with the Montana settlement. That is consistent with Federal's policy, which specifically reserves recoupment. Now that this Court has declared the two cases are "Related Claims," so Boyne is subject to one $5 million limit, it should enter an order allowing Federal to recover the expenses it paid in the Michigan case above that limit.

On these grounds, Federal seeks an order awarding it recoupment of attorney fees/defense expenses in the amount of $796,578.81.

**BACKGROUND**

This Court recently determined that the Montana and Michigan cases are "Related Claims," so Boyne is entitled to only one $5 million limit under Federal's policy. *See* Doc. 29, Order. The Montana case (*Anderson*) was filed first, and Federal covered Boyne's expenses during that time. *See* Doc. 28-3, Dewey Decl. Federal paid Boyne's expenses in the Montana case. *Id.* ¶ 4. Boyne initially commenced this case in October 2024, before amending its complaint in December 2024. *See* Docs.

1–5. Federal answered and counterclaimed in December 2024, *see* Doc. 6, and the parties proceeded to file dispositive motions.

In February 2025, the underlying parties to the Montana case were discussing resolution of the Montana case, for which Boyne sought Federal's contribution that would exhaust a $5 million policy limit. **Ex. A**, Dewey Decl. Until that point, Boyne had not exhausted the single $5 million limit. *Id.* Federal agreed to contribute that amount (the amount remaining of the single $5 million limit) while continuing to cover expenses in the Michigan case (*Hornbeck*) above one $5 million limit, subject to recouping those funds if this Court agreed the two cases were "Related Claims":

> We understand that the underlying *Anderson* case has recently reached a settlement that will exhaust the remaining limits available under the 2021-2022 Policy. We also understand that the *Hornbeck* case remains active. Consistent with Federal Insurance Company's prior correspondence and position in the coverage litigation, Federal will continue to defend Boyne in the *Hornbeck* case, subject to a full reservation of rights, pending a decision in the declaratory judgment action regarding whether *Anderson* and *Hornbeck* are "Related Claims." Federal reserves the right to seek reimbursement of defense costs expended above the $5M limits of the 2021-2022 policy, including in the defense of the *Hornbeck* case, pending the result of the ongoing coverage action.

Doc. 28-4, 02/19/25 Letter.

Federal's policy language conveys to it the right to recoup defenses expenses that are not owed. The D&O Enhancement Endorsement addresses the topic, providing: "Any advancement of **Defense Costs** shall be repaid to the Company by the **Insureds**, severally according to their respective interests, if and to the extent it is

determined that such **Defense Costs** are not insured under this Policy." Doc. 5-2.[1] This provision contains an exception for costs that are excluded under Exclusion V(A)(9), which was never raised in this litigation and is, therefore, inapplicable. *Id.*

Federal had continued to pay Boyne's expenses throughout the duration of the Michigan case. *See* Ex. A, Dewey Decl. At the time the Court granted Federal's motion in this case, Federal had paid $796,578.81 over and *above* the $5 million limit. *Id.*

## ARGUMENT

Initially, there are two procedural vehicles to grant this motion. From a practical perspective, this District typically addresses motions for recoupment of defense fees in an underlying action *after* a declaration of no duty to defend. *See Am. Econ. Ins. Co. v. Aspen Way Enterprises, Inc.*, No. CV 14-09-BLG-SPW, 2015 WL 7871337, at *2 (D. Mont. Dec. 4, 2015) (addressing and granting a motion for recoupment after "this Court found that Liberty Mutual and Hartford do not owe a duty to defend or indemnify" their insureds).

First, this District has specifically found an insurer's motions for recoupment appropriate pursuant to Federal Rule of Civil Procedure 54(d). *See Capitol Specialty Ins. Corp. v. Big Sky Diagnostic Imaging, LLC*, No. CV 17-54-BLG-SPW-

[1] The provision is located at subsection § (5)(A)VIII.(a)(5), under the Amend Defense and Settlement section.

TJC, 2020 WL 1249484, at *1 (D. Mont. Feb. 3, 2020) ("The Court directed Capitol to file a motion under Federal Rule of Civil Procedure Rule 54(d) to recoup its expenses[.]"); *Safeco Ins. Co. of Am. v. Grieshop*, No. CV 20-24-BLG-TJC, 2021 WL 1209564, at *14 (D. Mont. Mar. 31, 2021) (instructing that an insurer "is required to comply with the requirements of Fed. R. Civ. P. 54(d) to recoup its expenses" in an underlying action). This motion and brief meet the requirements of Rule 54(b), as judgment was entered on September 17, 2025, and this brief otherwise meets the parameters of the rule.

Second, Federal is entitled to relief under the Declaratory Judgment Act. It provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. As one district within the Ninth Circuit has explained:

> Under section 2202, the court retains jurisdiction to enter such further orders as it deems necessary or proper to give complete and effectual relief consistent with its declaratory judgment. *Rincon Band of Mission Indians v. Harris*, 618 F.2d 569, 575 (9th Cir. 1980). While Omaha Indemnity's claimed entitlement to reimbursement of legal expenditures does not flow inevitably from the court's previous order, this is an issue which could not be confronted until the court ruled that Omaha Indemnity had no duty to defend. The further relief requested by Omaha Indemnity may not be "necessary" to effectuate the court's ruling, but it is certainly a "proper" request for relief under section 2202. *Horn & Hardart Co. v. National Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988).

*Omaha Indem. Ins. Co. v. Cardon Oil Co.*, 687 F. Supp. 502, 503–04 (N.D. Cal.

1988), *aff'd,* 902 F.2d 40 (9th Cir. 1990). Though an unpublished disposition, the Ninth Circuit on appeal affirmed, holding that "the reimbursement of defense costs paid by [the insurer] on the [insureds'] behalf constitute[d] proper relief based on the declaratory judgment that [the insurer] was not, in fact, required to defend the [the insureds] under their policy." *Omaha Indem.*, 902 F.2d 40.

The Ninth Circuit has more recently affirmed and applied the logic of *Omaha Indem.* Just four years ago, the Ninth Circuit held that "§ 2202 permits additional hearings after a court grants declaratory relief." *Nautilus Ins. Co. v. Access Med., LLC*, No. 17-16265, 2021 WL 3485911, at *2 (9th Cir. Aug. 9, 2021). In *Nautilus*, the court cited § 2202 and *Omaha Indem.* to hold that an insurer was entitled to seek recoupment under this procedural avenue following a declaration of no coverage. *See id.*

Either way, Federal is entitled to an order amending the judgment and allowing it to recoup $796,578.81. That amount represents defense expenses Federal has paid for over and above the $5 million limit that applies to Boyne under the policy's "Related Claims" provision.

There is no conflict of any law because both Montana and Michigan law allow Federal to recoup these expenses. *See Newman v. United Fire and Cas. Co.*, 995 F. Supp. 2d 1125, 1129 (D. Mont. 2014) (with "no actual conflict" on an issue, the forum state law applies). Federal courts applying Michigan law have "conclude[ed]

that an insurer can be entitled to reimbursement under Michigan law when it issues a timely reservation of rights letter providing notice of the specific possibility of reimbursement and defends an insured after the policy no longer obligated it to do so." *Great Am. Fid. Ins. Co. v. Stout Risius Ross, Inc.*, No. 23-1167, 2024 WL 1511983, at *4 (6th Cir. Apr. 8, 2024) (applying Michigan law) (citing *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 666 F. App'x 456, 468 (6th Cir. 2016) (similar)). Montana law agrees. *See, e.g.*, *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 434 (Mont. 2013) ("The insurer may seek to recover the expenses that the insurer incurred in defending a claim outside of the insured's policy coverage in the declaratory judgment action."). In the alternative, Michigan law allows Federal to recoup and, in the event of a conflict, Michigan law controls. Each is taken in turn.

**I. Federal can recoup under Montana law, so there is no conflict.**

In 2023, the Montana Legislature codified and slightly changed requirements for recoupment. *See* Mont. Code Ann. § 33-18-218. The Court also need not determine if the statute applies to this case (given the first policy period preceded the statute) because, in any event, Federal meets it. Section 33-18-218 has three requirements for an insurer to recoup:

> (2) An insurer may recover costs of defending an insured against claims asserted against the insured when the insurer is subsequently determined to not owe a duty to defend the insured if:

> (a) the insurance policy or contract contains language giving the insurer the right to seek reimbursement or recover those costs from the insured;
>
> (b) the insurer provides written notice to the insured that the insurer may seek reimbursement or recovery of those costs from the insured at the time the insurer assumes the defense of the claim or when an insurer discovers facts that lead the insurer to question whether a claim is covered, whichever is later; and
>
> (c) the insurer institutes an action to determine whether the insurer owes the insured a duty to defend within 120 days of determining whether a question exists as to whether a claim is covered under the policy.

Mont. Code Ann. § 33-18-218(2). All three prongs are satisfied.

*First*, the insurance policy gives Federal the right. Under the policy, "[a]ny advancement of **Defense Costs** shall be repaid to the Company by the **Insureds**, severally according to their respective interests, if and to the extent it is determined that such **Defense Costs** are not insured under this Policy." This plain language allows Boyne to recoup and recover the defense costs it paid in the Michigan action defending Boyne.

*Second*, Federal timely provided Boyne with "written notice." Under subsection (2)(b), an insurer need provide "written notice … at the time the insurer assumes the defense of the claim *or* when an insurer discovers facts that lead the insurer to question whether a claim is covered, *whichever is later*[.]" Mont. Code Ann. § 33-18-218(2)(b) (emphasis added). The use of the word "'or' connotes the disjunctive," so that "only one of the separately stated" options must exist. *Am. Fam.*

*Mut. Ins. Co. v. Livengood*, 970 P.2d 1054, 1057 (Mont. 1998) (citations omitted). The statute confirms that point by using the term "whichever is later." The latter option governs.

Through its February 2025 letter, Federal promptly notified Boyne that it would—at Boyne's request—contribute the remainder of the $5 million limit to the settlement of the Montana case while continuing to cover expenses in the Michigan case, subject to this Court's decision. This was *before* the settlement was finalized with funds being tendered. This is approximately when Federal learned of facts that led Federal to question whether Federal needed to continue defending Boyne in the Michigan case after Federal had contributed the remainder of the $5 million limit. Federal timely preserved its right.

*Third*, Federal meets the requirement of instituting an action "within 120 days of determining whether a question exists as to whether a claim is covered under the policy." Mont. Code Ann. § 33-18-218(2)(c). The question of paying Boyne's defense expenses above $5 million did not arise until it became apparent that the Montana case was settling, which would exhaust the $5 million limit. And it was not until after that point that Federal would need to begin paying Boyne's expenses (subject to a reservation of rights) above the $5 million limit. By then, Boyne had

already filed this action, and Federal had counterclaimed regarding the duty to defend issue. There are no timing concerns.

Federal meets all three statutory elements to recoup the defenses expenses it paid above the $5 million limit. The Court should order that Federal is entitled to recoup $796,578.81.

## II. Alternatively, Federal can recoup under Michigan law, which applies in the event of a conflict.

Because Federal can recoup under Montana law, there is no conflict. To the extent the Court believes otherwise, Michigan law governs in the event of a conflict.

This is a liability claim, where the amounts that Federal seeks to recoup were expended in Michigan. Because Michigan is where the case involving the subject defense costs were used, Michigan law applies. Under Montana's choice-of-law analysis and Montana Code Annotated, § 28-3-102, the location of the underlying lawsuit and defense costs controls. *See Tidyman's Mgt. Services Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014) (though involving a policy issued in another state, Montana law governed because the third-party "action involved Montana workers who brought suit in Montana"); *Natl. Sur. Corp. v. Mack*, No. CV 15-35-BLG-SPW, 2015 WL 8779995, at *1 (D. Mont. Dec. 15, 2015) (Montana law applied to out-of-state policy where underlying action was pending in Montana in duty to defend and indemnify analysis).

Substantively, and as the Sixth Circuit has explained, "an insurer can be entitled to reimbursement under Michigan law when it issues a timely reservation of rights letter providing notice of the specific possibility of reimbursement and defends an insured after the policy no longer obligated it to do so." *Stout Risius Ross*, 2024 WL 1511983, at *4 (citing *Indian Head Industries*, 666 Fed. Appx. at 468). As this District has found, this view represents the majority view. *See Aspen Way Enterprises*, 2015 WL 7871337, at *3 ("A majority of jurisdictions allow reimbursement of defense costs." (collecting cases)).

For the reasons above, Federal meets this test. At the time of the settlement of the Montana case, when it became apparent one $5 million limit would be used, Federal notified Boyne that it may seek reimbursement of defense costs. Boyne, a sophisticated litigant, was provided notice at that time of recoupment via the February 2025 letter. Doc. 21-4.

**CONCLUSION**

For the reasons above, Federal is entitled to recoup the defense costs above the one $5 million limit. The Court should therefore order that Federal is entitled to recoup $796,578.81. Boyne would otherwise be entitled a windfall of coverage it is not entitled to.

September 18, 2025 Respectfully submitted,

*/s/ Alexander T. Tsomaya*

Nicholas J. Pagnotta
Alexander T. Tsomaya
Williams Law Firm, P.C.
*Attorneys for Federal Insurance Company*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief in support complies with applicable word limit of 6,500 in that it consists of 2,514 words as calculated by Microsoft Word, excluding the parts of the brief exempted by the rule; and with L.R. 1.5(a), as it is double spaced except for quoted material and footnotes, and typewritten in 14-pt font size.

Dated: September 18, 2025

*/s/ Alexander T. Tsomaya*
Nicholas J. Pagnotta
Alexander T. Tsomaya
Williams Law Firm, P.C.
*Attorneys for Federal Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I filed the foregoing document with the CM/ECF filing system to be transmitted/served electronically upon all interested parties registered under the Court's CM/ECF system.

*/s/ Alexander T. Tsomaya*
Nicholas J. Pagnotta
Alexander Tsomaya
Williams Law Firm, P.C.
*Attorneys for Federal Insurance Company*