Gary M. Zadick
James R. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360

Attorneys for Boyne USA, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOYNE USA, INC., | CAUSE NO.: CV-24-70-H-TJC |
| Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECOUPMENT OF DEFENSE COSTS** |
| FEDERAL INSURANCE COMPANY, | |
| Defendant. | |

## <u>Introduction</u>

Federal Insurance Company's motion for recoupment of defense costs should be denied for three reasons. *First*, this Court lacks jurisdiction over the motion because Boyne's notice of appeal has transferred jurisdiction over this case to the Court of Appeals. *Second,* Federal neither timely issued a reservation of rights letter

preserving its right to seek recoupment, nor did Federal timely file an action for reimbursement, as required by Montana law. *Third,* Federal's motion overstates the amount that it claims it spent in defense costs in the Michigan litigation.

## Argument

### I. The Court lacks jurisdiction over this motion.

The Supreme Court has explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Evans v. Synopsys, Inc.*, 34 F.4th 762, 776 (9th Cir. 2022) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982)). During the pendency of an appeal, the district court may only take action to preserve the status quo. *Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

This Court entered final judgment on September 17, 2025, and Boyne filed its notice of appeal the same day. Federal filed its motion for recoupment of defense costs a day later, on September 18, 2025. Because Federal's motion was filed after jurisdiction transferred to the Court of Appeals, this Court lacks jurisdiction over Federal's motion.

Federal claims that this Court can address its motion under either Fed. R.

Civ. P. 54(d) or 28 U.S.C. § 2202. Setting aside whether either Rule 54 or Section 2202 is the appropriate vehicle to address a claim for recoupment, Federal fails to address the effect of the notice of appeal on this Court's jurisdiction. None of the cases cited by Federal address whether a district court may rule on a recoupment motion while an appeal is pending.

Nor can Federal argue that it is only asking the Court to take action to preserve the status quo. Federal is not seeking relief incidental to the existing declaratory judgment; rather, Federal seeks to amend the existing judgment. (RE 33, Brief, pg. 3) ("Either way, Federal is entitled to an order amending the judgment . . ."). Federal must seek amendment of the judgment because it is now seeking relief that it did not previously request. In its counterclaim, Federal did not seek recovery of any money judgment or refund of any payment. In fact, the word "recoupment" appears nowhere in Federal's counterclaim. Federal improperly seeks to expand the scope of the judgment after it has been entered.

Because this Court lacks jurisdiction over Federal's motion, it should be denied.

## II. Under Montana law, Federal is not entitled to recoup defense costs.

Even if this Court did have jurisdiction over Federal's motion, the motion fails, under both Montana's statutory and common law.

### A. Federal failed to comply with Mont. Code Ann. § 33-18-218.

In 2023, the Montana legislature enacted Mont. Code Ann. § 33-18-218. This statute creates the general rule that "an insurer may not recover costs of defending an insured against claims asserted against the insured if the insurer is subsequently determined to not owe a duty to defend the insured." Mont. Code Ann. § 33-18-218(1). This statute applies here, because both Boyne's complaint in this case and Federal's counterclaim were filed after the statute's effective date of October 1, 2023. While *Anderson* was filed before the statute's enactment, Federal is not seeking recoupment of any defense costs from that case. Instead, Federal is seeking to recover defense costs incurred in *Hornbeck,* which was filed after the statute was enacted. Section § 33-18-218 applies.

The rule against recoupment of defense costs does have an exception. Under paragraph 2 of the statute:

> (2) An insurer may recover costs of defending an insured against claims asserted against the insured when the insurer is subsequently determined to not owe a duty to defend the insured if:

> (a) the insurance policy or contract contains language giving the insurer the right to seek reimbursement or recover those costs from the insured;
>
> (b) the insurer provides written notice to the insured that the insurer may seek reimbursement or recovery of those costs from the insured at the time the insurer assumes the defense of the claim or when an insurer discovers facts that lead the insurer to question whether a claim is covered, whichever is later; and
>
> (c) the insurer institutes an action to determine whether the insurer owes the insured a duty to defend within 120 days of determining whether a question exists as to whether a claim is covered under the policy. Mont. Code. Ann. § 33-18-218(2).

While subparagraph's (a) requirements are met, those of subparagraphs (b) and (c) are not.

### 1. Federal did not timely reserve its rights.

Under subparagraph (b), an insurer must reserve its right to recoup defense costs "at the time the insurer assumes the defense of the claim or when an insured discovers facts that lead the insurer to question whether a claim is covered whichever is later." Mont. Code Ann. § 33-18-218(2)(b). Federal did not meet this requirement.

Federal issued several reservations of rights letters, all but the last of which failed to reserve any right to recoup defense costs. The first reservation of rights letter, dated March 23, 2022, did not reserve any right to recover fees. See **Exhibit**

**1**, Declaration of Gary M. Zadick at Ex. A.

The second letter, dated August 19, 2024, also did not reserve the right to recover attorney fees. The second letter addressed the *Hornbeck* suit in Michigan, and Federal asserted the "related claims" limitation in that letter. But the letter did not reserve any right to recoup fees. See Zadick Declaration at Ex. B.

The third letter, dated October 18, 2024, addressed both the Montana and Michigan cases, and Federal again raised the single limit issue based on the "related claims" provision. But, again, Federal did not reserve the right to recoup defense costs. See Zadick Declaration at Ex. C.

The first time that Federal notified Boyne that it might seek recoupment of defense costs was on February 19, 2025. See Zadick Declaration at Ex. D. This was more than eight months after Federal assumed the defense of the *Hornbeck* case in Michigan. It was six months after Federal raised the issue of *Anderson* and *Hornbeck* possibly being "related claims."

When an insured receives a reservation of rights letter, the insured has the option of declining the insurer's defense and defending the case on its own. This has certain advantages for the insured. It frees the insurer from the insurer's billing and fee restrictions and it allows the insured complete decision-making control over

the defense. But by the time that Federal first asserted its right to recoup, Boyne had already incurred significant defense costs in the Michigan litigation. As of February 19, 2025—just one week before the close of discovery in *Hornbeck*—Boyne had already incurred defense costs in *Hornbeck* of approximately $716,713.48. (**Exhibit 2**, Declaration of Amy E. Murphy). If Federal had timely given notice of its claimed right of recoupment, Boyne may have defended *Hornbeck* differently. Boyne had no meaningful opportunity to decline Federal's defense. Instead, Boyne incurred defense costs on the expectation that Federal would fund the defense. Only after Boyne incurred these costs did Federal assert its right to recoupment. Federal's reservation is not timely.

**2. Federal did not timely institute an action.**

Subparagraph (c) requires an insurer to "institute[] an action to determine whether the insurer owes the insured a duty to defend within 120 days of determining whether a [coverage] question exists." Mont. Code Ann. § 33-18-218(2)(c). Federal did not meet this requirement, either.

*Hornbeck* was filed on July 1, 2024. At that point, Federal was aware of the two lawsuits and the coverage issue arising from the related claims provision. But Federal did not file its counterclaim until December 17, 2024—more than 120 days

after the issue arose.

Federal may argue that it raised the related claims issue in its August 19, 2024 reservation of rights letter. This letter was sent exactly 120 days before Federal filed its counterclaim on December 17, 2024. But the applicable date under subparagraph (c) is not the date that an insurer *notifies* the insured of a coverage question. Rather, the applicable date is the date that the insurer *determines* that a coverage question exists. Federal had to have known about the coverage question arising from the related claims provision before it sent the August 19, 2024 letter. At a minimum, there is a question of fact on when Federal first determined that a coverage question existed. This question precludes this Court from granting Federal's motion.

**B. Federal failed to comply with Montana common law.**

Federal suggests that Mont. Code Ann. § 33-18-218 may not apply because *Anderson* was filed before that statute's enactment. But Federal is not seeking to recoup defense costs from *Anderson*; instead, Federal is seeking to recoup defense costs from *Hornbeck*. That case was filed after the statute's October 1, 2023 effective date. Therefore, the new statute applies.

But even under Montana common law, Federal claim for recoupment fails. As the Court noted in *Cincinnati Ins. v. Northwest Painting, Inc.*, No. 20-cv-176, 2021 WL 3142163, at *3 (D. Mont. Jul. 26, 2021), an insurer must both "timely and

explicitly reserve its right to recoup defense costs" and "expeditiously file a separate declaratory judgment action so that the dispute regarding the contractual duty to defend can be resolved." See also *Travelers Cas. and Sur. Company v Ribi Immochem*, 108 P.3d 469, 479 (Mont. 2005); *Tidyman's Mgmt. Servs. Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014).

Federal did neither of these things. It did not reserve its right to recoup defense costs until February 19, 2025—more than eight months after the coverage question arose and after Boyne had incurred significant defense costs. And it did not file a declaratory judgment action until December 19, 2024—six months after the coverage issue arose. Even if Montana common law applied, Federal's request for recoupment fails.

**C. Montana, not Michigan, law applies.**

Recognizing that it did not comply with Montana law, Federal argues that Michigan law applies. Federal never previously asserted that Michigan law applies in any of its submissions. Rather, in its prior briefs, Federal consistently asserted that Montana law applies to the interpretation of the policy. (See RE 10, Federal's Brief in Support of Judgment on the Pleadings; RE 21, Federal's Response to Boyne's Motion for Summary Judgment; RE 26, Federal's Notice of Supplemental Authority). This Court relied on Federal's assertions, and it applied Montana law in

granting Federal's motion. (RE 29, Order). It is far too late to change tacks now. Federal is judicially estopped from arguing that Michigan law applies. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.")

**III. The amount that Federal seeks to recoup is inflated.**

Federal asserts that it paid $796,578.81 in defending *Hornbeck* in Michigan. This number is inflated. Federal has paid $721,893.01 to Michigan defense counsel. (**Exhibit 2**, Declaration of Amy E. Murphy). Federal also paid $2,868.40 to Montana defense counsel for services related to *Hornbeck*. (**Exhibit 3**, Declaration of William M. Morris). This totals $724,761,41, not $796,578.81. Federal's request is inflated.

## <u>Conclusion</u>

Because a notice of appeal has been filed, this Court lacks jurisdiction over Federal's motion. Additionally, Federal's motion fails under both Mont. Code Ann. § 33-18-218 and Montana common law. Finally, even if Federal's motion were meritorious, its fee request is inflated. Federal's motion should be denied.

DATED this 2nd day of October, 2025.

UGRIN ALEXANDER ZADICK, P.C.

/s/Gary M. Zadick

Gary M. Zadick
James R. Zadick
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403

Attorneys for Boyne USA, Inc.

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies this brief in support complies with LR 7.1(d)(2)(A). This brief contains 1991 words, excluding the caption and the Certificate of Compliance. The word count function of the word-processing system used to prepare this brief was relied up on in this calculation.

DATED this 2nd day of October, 2025.

UGRIN ALEXANDER ZADICK, P.C.

/s/Gary M. Zadick
Gary M. Zadick
James R. Zadick
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403

Attorneys for Boyne USA, Inc.